WILLIAM C. WOODLIFFE *v.* WILLIAM P. CONNOR.

SUMMONS — INSUFFICIENT RETURN OF SERVICE. —On a summons for two partners the sheriff made return in the words and figures following, viz. : " Executed by delivering a true (copy) of this summons, July 25, 1868," signed by the sheriff : *Held*, to be insufficient even by interpolating the word " copy," because it did not appear upon whom the summons was executed, nor to whom the copy was delivered.

ERROR to the circuit court of Lowndes county.   ORR, J.

The facts appear in the opinion of the court.

*Leigh & Evans,* for plaintiff in error,

Cited on the insufficiency of the sheriff's return 37 Miss. 438 ; Rankin v. Dulaney, 43 ib. 197 ; Rev. Code, 489, arts. 63 and 64 ; 42 Miss. 508 ; 41 ib. 563.

No counsel for defendant in error.

TARBELL, J. :

In 1868 Wm. P. Connor sued William C. Woodliffe and Roderick M. Taliaferro, as partners, in farming, under the firm of Woodliffe and Taliaferro, to recover the sum of $750 for five hundred bushels of corn, valued at $1 50 per bushel, loaned by plaintiff to defendants, to be returned in kind. Taliaferro was served with process and appeared in the cause.   An *alias* writ, including both defendants, was issued, upon which the sheriff made the following return :

" Executed by delivering a true copy of this summons, July 25, 1868.

(Signed)                    " J. B. Bell, *Sheriff*."

Judgment by default was entered against Woodliffe for the sum of $750, prior to the trial of the issue.

Upon the issue joined between plaintiff and Taliaferro the jury returned a verdict for plaintiff for $341.   The judgment of the court is thus entered : " It is therefore considered by the court that the plaintiff recover of the defendant, Roderick M. Taliaferro, the amount by the jury aforesaid

assessed of $341, with interest at six per cent per annum, and the costs in this cause expended, and thereupon plain-tiff remit of the judgment heretofore taken in this suit against William C. Woodliffe, all but $341."

An execution in form against both defendants is indorsed July 16, 1870. "Satisfied in full as to Taliaferro, execution to be served only upon Woodliffe," and signed by the clerk. Another like execution was issued December 9, 1870, and was stayed by supersedeas upon the suing out of a writ of error by Woodliffe, who assigns for error : The entry of a judgment against him upon the return of the sheriff; the entry of a judgment final by default against him ; the entry of separate and several judgments against defendants, who were partners ; the issuance of an execution against Woodliffe after the satisfaction of the judgment, as to Taliaferro ; the omission to state the date of the entry of judgment.

Conceding the word "copy" to have been omitted by accident from the return of the sheriff, nevertheless, it is not stated upon whom the process was executed, nor to whom the copy was delivered. Within all the decisions on this subject, since the Code of 1857 created a change in sheriff's returns, the return in the case at bar is clearly defective and insufficient to warrant a judgment by default, even if we are authorized to interpolate the word "copy." Upon a further hearing the defendant, Woodliffe, can raise the question of the satisfaction of the judgment, by plea. The judgment against Woodliffe is reversed and the cause remanded.